James D. Greene, Esq., NV Bar No. 2647         *E-Filed*: *October 4, 2010*
**GREENE INFUSO, LLP**
3030 South Jones Blvd., Suite 101
Las Vegas, Nevada 89146
Ph: (702) 697-6102
Fax: (702) 732-7110
E-mail: jgreene@greeneinfusolaw.com

Attorneys for Secured Creditor Stanford Boulder, LLC

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **In re:** | Bankruptcy No. BK-S-10-24337-LBR |
| **Boulder Highway Holdings, Co., LLC,** | Chapter 11 |
| Debtor. | Hearing Date:    **November 9, 2010**<br>Hearing Time:    **2:00 p.m.** |

**MOTION FOR ORDER DECLARING DEBTOR TO BE A SINGLE ASSET REAL ESTATE ENTITY UNDER BANKRUPTCY CODE SECTION 101(51B)**

    Stanford Boulder, LLC ("Stanford Boulder"), by and through its counsel. Greene Infuso, LLP, hereby moves the Court for entry of an order determining that Debtor Boulder Highway Holdings, LCC, ("Debtor") is a "single asset real estate" entity, as that term is defined in 11 U.S.C. § 101(51B) and that Stanford Boulder, LLC is entitled to automatic relief from the automatic stay, without further notice or hearing, unless the Debtor complies with 11 U.S.C. §362(d)(3) ("Motion"). This Motion is supported by the following Memorandum of Points and Authorities, other pleadings and papers filed in the case and such argument of counsel as maybe presented at the hearing in this matter.

    *A. Factual Background*

    Debtor Boulder Highway holdings, Co., LLC ("Debtor") filed a petition under Chapter 11 of the United States Bankruptcy Code on July 30, 2010, thereby commencing the above-captioned case. The Debtor did not designate itself as a single asset real estate entity under Bankruptcy Code section 101(51B). *See* docket no. 1, page 1. The Debtor filed its bankruptcy schedules on

1

August 16, 2010, in which it listed real property assets identified as Clark county parcel nos. 161-35-402-013, -014 and -015 ("Real Property").  *See* docket no. 12, page7.  The Debtor's only other listed assets are a bank account, two accounts receivable with a value of $2,850 and a "4450 Crawler Dozer" valued at $5,000.  See docket no. 12, pages 8-10.

The Real Property is subject to a deed of trust in favor of Stanford Boulder, LLC, securing a promissory note dated December 17, 2008 in the principal amount of $4 million.  The note is in default as a result of the Debtor's failure to make an interest payment due July 1, 2010.  Stanford Boulder had commenced foreclosure on July 21, 2010.  The Debtor filed the instant Chapter 11 case on July 30, 2010.

### B.  Legal Argument

11 U.S.C. § 101 (51B) defines a single asset real estate debtor as follows:

> The term "single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental.

Designation of a debtor as a single asset real estate enterprise has significant consequences in the administration of a bankruptcy case. These consequences arise from the fact that Congress has created special provisions in section 362 of the Bankruptcy Code that apply only to debtors who are a single asset real estate enterprises. Those provisions impose an earlier deadline on the debtor to file a plan of reorganization than would otherwise be the case. Specifically, section 362(d)(3) provides that, as to single asset real estate debtors, upon request of a party in interest, and after notice and hearing, the court shall grant relief from the automatic stay:

> [w]ith respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later-
>
> (A)   the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

2

  (B)  the debtor has commenced monthly payments that

    (i)  may, in the debtor's sole discretion, notwithstanding section 363(0)(2) be made from rents or other income generated before, on, or after the date of the commencement of the ease by or from the properly to each creditor whose claim secured by such real estate 9other than a claim secured by a judgment lien or by al unmatured statutory lien); and

    (ii)  are in an amount equal to interest at the then applicable non-default contract rate of interest on the value of the creditor's interest in the real estate.

  Consequently, if a single asset real estate debtor fails to either file a plan of reorganization that has a reasonable chance of being confirmed within a reasonable time, or commences payment of interest to the secured creditor at the non-default contractual rate within 90 days after filing its petition (or 30 days after the court determines the debtor is a single asset real estate enterprise), the court, *shall* grant the secured creditor relief from stay. These relief from stay provisions are significantly different from those that apply to other debtors, where a creditor seeking relief from stay must establish cause, or must establish that there is no equity in. the debtor's property. *See* 11 U.S.C. § 362(d)(1) and (2). As a result, if a single asset real estate debtor fails to meet the deadlines of section 362(d)(3), a bankruptcy court shall grant the secured creditor relief from stay, even if the real property has a value above liens against it and even if it is necessary to an effective reorganization of the debtor. *NationsBank, N.A. v. LDN Corp.* (*In re LDN Corp.*). 191 B.R. 32,326-327) Bankr. E.D. Va. 1996) (court held relief under § 362(d)(3) to be mandatory and its provisions to be complied with strictly).

  Congress enacted section 362(d)(3) to cure debtor abuses existing in single asset real estate eases, in which debtors attempted to delay mortgage foreclosures even when there was little chance for a successful reorganization. *In re Carlsbad Development* 1, La.', Ch. 11 Case No. 08 27768, 2009 WL 588662 at *3 (Bankr. D. Utah 2009) (quoting 3 Collier on Bankruptcy 362.07151N (15th Effective Date. rev. 2008). *See also NationsBank, N.A. v. LDN Corp.* 327 (section 362(d)(3) "was enacted to assist secured creditors in single asset real estate cases"). In light of this Congressional policy, courts have applied a three-pronged test which require

3

application of section 362(d)(3) where (i) the debtor owns real properly constituting a single property or project, other than residential property with fewer than four residential units; (ii) the real property generates substantially all of the income of the debtor; and (iii) the debtor is no involved in any substantial business other than the operation of the real properly and the activities incidental therein. See In re Kara Homes, Inc 363 BR. 399, 404 (Bank. N.J. 2007); *In re Philmont Dev. Co.*, 181 B.R. 220. 223 (Banks. E.D. Pa. 1995). The key factor is whether project is "owned by an entity whose sole purpose [is] to operate [] real estate with monies generated by the real estate." *Id.* at 224.

The Debtor here is a single asset real estate entity within the meaning of 11 U.S.C. 101(51B). Here, the Debtor has only a single material asset, the real property. The real property is undeveloped dirt, so the Debtor has no income (although presumably the Debtor's goal is to have the property become income producing at some point). Finally, the Debtor has no other business activities, except holing and developing the real property.

*C.    Conclusion*

Based on the foregoing, Stanford Boulder, LLC, moves the court to enter an order granting the Motion and (a) declaring the Debtor a single asset real estate entity as defined in Bankruptcy Code section 101 (51B) and (b) declaring that if the Debtor fails to comply with the dictates of section 362 (d)(3), the automatic stay of Bankruptcy Code section 362 (a) shall be vacated in its entirety as of the 91st day after the Petition Date (October 29, 2010) without further order of the Court or within 30 days after entry of our order granting this Motion.

DATED this 4th day of October, 2010

**GREENE INFUSO, LLP**

By: */s/ James D. Greene*
James D. Greene, Esq.
3030 South Jones Blvd. Suite 101
Las Vegas, NV 89146
Attorneys for Stanford Boulder, LLC

4