James D. Greene, Esq.(2647)  
GREENE INFUSO, LLP  
3030 South Jones Boulevard, Suite 101  
Las Vegas, Nevada 89146  
Ph: (702) 570-6000  
Fax: (702) 463-8401  
E-mail: jgreene@greeneinfusolaw.com  

E-Filed: November 19, 2010

Attorneys for Stanford Boulder, LLC

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>BOULDER HIGHWAY HOLDING CO., LLC,<br>        Debtor<br><br>BOULDER HIGHWAY &<br>GIBSON INVESTMENTS, LLC,<br>        Debtor | Bankruptcy No. 10-24337-LBR<br><br>Chapter 11<br><br>Jointly Administered with :<br><br>Case No: BK-S-10-24340-LBR<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND REQUEST FOR WAIVER UNDER FRDP 4001 (a)(3)**<br><br>Date: December 22, 2010<br>Time: 2:00 P.M. |

Secured creditor Stanford Boulder, LLC ("Movant"), by and through its attorneys, James D. Greene, Esq. of Greene Infuso, LLP, hereby moves this Court for an order granting relief from the automatic stay with respect to property owned by the debtor and bearing APN's 161-35-402-013, 014 and 015 ("Property"). Movant further requests that the court waive the 14-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3). This Motion is made and based upon the attached points and authorities, the pleadings and papers on file herein and such argument as this Court will entertain at the hearing on this matter.

DATED this 19th day of November, 2010.

GREENE INFUSO, LLP

/s/ James D. Greene  
James D. Greene, Esq.  
3030 South Jones Boulevard, Suite 101  
Las Vegas, NV 89146

1

# POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

Boulder Highway Holding Company, LLC ("Holding") filed a petition under Chapter 11 of the Bankruptcy Code on or about July 30, 2010. The case is being jointly administered with the Chapter 11 case of Holding's affiliate, Boulder Highway and Gibson Investments, LLC ("Investments").

Holding owns approximately 23 acres of real property located near the intersection of Boulder Highway and Gibson Road in Henderson, Nevada. The Debtor's affiliate, Investments, owns an adjacent parcel consisting of approximately 30 acres. The Debtors' real property consists of essentially undeveloped property with no off site improvements such as road access, utilities or other improvements. *See* Declaration of Barry Fieldman ("Fieldman Declaration"), ¶7.

The property owned by Holding is subject to a deed of trust securing a promissory note in the amount of $4 million that is owed to Movant ("Stanford Note"). The Stanford Note matured on June 17, 2010 and Movant had commerced foreclosure by recording a Notice of Breach and Election to Sell on or about July 21, 2010. As of November 17, 2010 the amount due under the Stanford Note was about $4,470,000.00, with interest accruing at 15% per annum ($1,666.67 per day), plus attorney fees and costs. Fieldman Declaration ¶3-4. Movant has obtained an appraisal of the real property from Shelli Lowe, a copy of which is being filed concurrent with this motion ("Lowe Appraisal"). The Lowe Appraisal places the fair market value of the property at $3.7 million as of November 3, 2010. The Lowe Appraisal also notes that a downward trend in median real estate prices over 2008 and 2009 has continued with a 2010 decrease of 21.91%. Lowe Appraisal, Page 48.

The property owned by Investments is encumbered by a note and deed of trust in favor of mulitiple parties, including Anthony Lang ("Lang Group"). The Lang Group has filed a motion for relief from stay, which is pending and set for an evidentiary hearing on December 16, 2010. According to that motion, the Lang Group is owed approximately $4,046,000. See Docket no. 51.

The Lang Group had begun foreclosure proceedings and a sale was scheduled on August 2, 2010. The Land Group foreclosure sale was stayed by Investments' bankruptcy filing.

The Debtors submitted an appraisal of Tim Morse ("Morse Appraisal") covering all 53 acres in support of their opposition to the Lang Goup's motion for relief from stay. *See* Docket no. 67. As noted in the Lang Group's reply in support of the motion for relief from stay (docket no. 74, page 6 of 9), the Morse Appraisal supports the conclusion that the value of the property is decreasing, not stable or increasing  In discussing the commercial leasing market, Mr. Morse states "The market may retreat further during the ongoing correction of 2010, as the latest economic conditions are forcing store closings." Docket no. 67, page 34. The Morse Appraisal further notes that "the pace of vacancy rate escalations have slowed", and that "no signs of stabilization have emerged." Docket no. 67, page 34.

Neither Holding nor Investmetns designated itself as a single asset real estate entity ("SARE") as defined in the Bankruptcy Code. Accordingly, Movant filed a motion seeking to declare the Holding SARE pursuant to section 101(51B) of the Bankruptcy Code. Subsequently, Holding entered into a stipulation acknowledging that it was a SARE and that it would file a plan of reorganization or otherwise comply with Bankruptcy Code section 362(d)(3) on or before December 9, 2010 *See* Docket no. 61.

## II.  LEGAL ARGUMENT

### A.  Standards for Relief from Stay

Relief from the automatic stay is governed by 11 U.S.C. § 362(d), which provides in pertinent part as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay:
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization:

3

*See* 11 U.S.C. § 326(d) (1) through (2). Grounds for granting relief from the automatic stay set forth in 11 U.S.C. §§ 362(d) are independent and alternative. *In re Duvar Apt. Inc.,* 205 B.R. 196, 200 (9th Cir. BAP 1996 (applying rules of statutory construction and finding that the inclusion of the term "or' indicates that each subsection is an independent alternative for lifting stay). The instant motion seeks relief pursuant to both section 362(d)(1) and (d)(2). Thus, if the court determines that "cause" exists under section 362(d)(1), whether section 36 (d)(2) is satisfied is immaterial.

### B.   Burden of Proof.

At a hearing on a motion for relief from stay, the moving party bears the burden of proof on only one issue - the debtor's equity (or lack thereof) in the property. *See* 11 U.S.C. § 362(g)(1). The debtor, or other party opposing relief from stay, bears the burden of proof on all other issues. *See* 11 U.S.C. § 362(g)(2).

Accordingly, the burden of proof is always on the debtor to prove that the creditor's interest is adequately protected, or that an effective reorganization, is possible and in prospect. *See e.g. In re Sting-Division. LLC*, 380 B.R. 505, 514 (Bankr. N.D. 111. 2008) ("Debtors have the burden of proving adequate protection of the creditor in order to preserve the stay."). The debtor's failure to meet this burden of proof entitles the moving creditor to relief from the automatic stay under 11 U.S.C. § 362(d)(1).

Here, Movant's appraisal demonstrates a property value that is over three quarters of a million less than the amount owed to Movant. Movant has thus met its burden of shoing there is no equity in the property.

### C.   The Bank Is Entitled To Relief From The Stay Pursuant To 11 U.S.C. § 362(d)(1).

Under 11 U.S.C. § 362(d)(1), relief from the automatic stay may be granted for 'cause,' which includes, but is not limited to, the lack of adequate protection. The Bankruptcy Code does not define the term "adequate protection," but does set forth three nonexclusive means of providing adequate protection. 11 U.S.C. § 361 states that adequate protection may consist of:

> (1)   requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant

4

of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(I) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

See 11 U.S.C. § 361. If the Debtor cannot meet its burden of proving that Movant is adequately protected, Movant is entitled to stay relief for cause. See. e.g., In re Mallas Enters., Inc., 37 B.R. 964, 967 (9th Cir. B.A.P. 1984); see also In re Mellor. 734 F.2d 1396, 1400-01 (9th Cir. 1984).

Adequate protection payments are intended to compensate creditors for the diminution of their collateral during the pendency of the bankruptcy case. In re Weinstein, 227 B.R. 284, 296 (9th Cir. 1998) ("If the value of the collateral decreases, the creditor is entitled to cash payments so that the value of its interest in the collateral remains constant").

Along with periodic payments, the Ninth Circuit has recognized that an "equity cushion" is also an acceptable method of adequate protection to a secured creditor even though the approach is not specifically mentioned in § 361. See in re Mellor, 734 F.2d 1396, 1400 (9th Cir. 1984); See also In re Jordan. 329 B.R. 428, 447 (Bankr. D. Idaho 2008) (granting stay relief in part because of a lack of an equity cushion). Whether an equity cushion constitutes adequate protection is determined on a case by case basis.

Here, the issue of an equity cushion is irrelevant because there is no equity in the Holding property and the property appears to be declining in value.

Courts have often found that the lack of any payments by Debtor since the beginning of the case along with other circumstances indicate a lack of adequate protection, and that consequently, "substantial payments are necessary to continue the stay in place." See. e.g., In re Covenant Christian Center Intern.. Inc., 364 B.R. 374, 378 (Bankr. D. Ariz. 2007). As the Debtor is unable to offer adequate protection, this Court should lift the stay to allow the Bank to exercise its rights in connection with the Property pursuant to 11 U.S.C. § 362(d)(1).

5

Further, 11 U.S.C. § 362(d)(1) provides that this Court may lift the stay for cause. "Lack of payment on the note and the absence of any other post-default payments constitute cause for relief." *See In re Jordan*, 392 B.R. 428, 450 (Bankr. D. Idaho 2008). As the Debtor has failed to make required payments under the terms of the Note, or any post-default payments, this Court should grant relief from the stay to the Bank for cause pursuant to 11 U.S.C. § 362(d)(1).

**D.     The Bank is Entitled To Relief From The Stay Pursuant to 11 U.S.C. § 362(d)(2).**

Bankruptcy Code section 362(d)(2) provides for the termination of the automatic stay where the debtor does not have any equity in the property and the property is not necessary for an effective reorganization. *See* II U.S.C. § 362(d)(2).

**1.     There is no equity in the Property.**

As demonstrated above, the Debtor has no equity in the Property. Thus, the first requirement of 11 U.S.C. § 362(d)(2) is met.

**2.     The Property is not necessary for an effective reorganization.**

The automatic stay is intended to protect property of the estate that is necessary for an effective reorganization. *See* 11 U.S.C. § 362(d)(2)(B). To satisfy this burden, the Debtor must establish that both that the property is necessary for an effective reorganization and also that there is a likelihood of a successful reorganization in prospect. *See United Sav. Ass"n of Texas v. Timbers of Inwood Forest Associates. Ltd.*, 484 U.S. 365. 375-76 (1988) ('What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect"). In determining what constitutes necessity under 11 U.S.C. § 362(d)(2), courts have considered whether there is "a reasonable possibility of a successful reorganization within a reasonable time." *In re Development. Inc.*, 36 B.R. 998 1005 (Bankr. D. Haw. 1984). "Property is not necessary to an effective reorganization if there is no reasonable possibility that a successful reorganization of the debtor can be achieved. *See In re Sun Valley Ranches, Inc*, 823 F2d 1373, 1376 (Bankr. D. Idaho 1987).

In order to carry its burden under 11 U.S.C. § 362(d)(2)(B), the Debtor must establish that it is moving meaningfully to propose a plan of reorganization that has a realistic chance of being

confirmed within a reasonable period of time. *In re Holley's. Inc..* 140 B.R. 643, 702 (Bankr. W.D. Mich. 1992). Accordingly, the Debtor's reorganization plan cannot be wholly speculative, based upon a visionary scheme, or unlikely to be confirmed. *See In re Wiersma*, 324 B.R. 91, 112 (9th Cir. BAP 2005).

The Debtor cannot meet its burden in this case. The Debtor has no ability to service the obligation owed to Movant. The Debtor has not come forward to disclose cash investors or any third-party financing. There is insufficient evidence that the Debtor can propose a plan that meets the standard of a reasonable prospect of reorganization within a reasonable period of time. *See In re Jordan*, 392 B.R. 428, 451 (Bankr. D. Idaho 2008). As such, the automatic stay should be lifted pursuant to 11 U.S.C. § 362(d)(2).

### III. CONCLUSION

For all of the foregoing reasons and vased on the facts and circumstances of this case, the Court should grant Movant relief from the automatic stay.

Dated this 19th day of November, 2010.

/s/ James D. Greene
James D. Greene, Esq.
Greene Infuso, LLP
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146

7